Dear Senate Goodman,
¶ 0 The Attorney General has received your request for an official opinion asking, in effect:
Is a written complaint about a dentist received by the Boardof Governors of Registered Dentists a personal communication froma person exercising rights secured by the state or federalconstitutions so that it falls within the exception to the OpenRecords Act found in 51 O.S. 24A.14 (1988)?
¶ 1 The Board of Governors of Registered Dentists (the "Board") is a public body within the meaning of the Oklahoma Open Records Act (the "Act"). 51 O.S. 24A.3(2) (1988). Board members and employees are public officials within the meaning of the Act. 51O.S. 24A.3(4) (1988).
¶ 2 The Act provides:
 All records of public bodies and public officials shall be open to any person for inspection, copying, and/or mechanical reproduction during regular business hours.
51 O.S. 24A.5 (1988).
¶ 3 The Act's definition of "record" is broad:
 "Record" means all documents, including, but not limited to, any book, paper, photograph, microfilm, computer tape, disk, and record, sound recording, film recording, video record or other material regardless of physical form or characteristic, created by, received by, under the authority of, or coming into the custody, control or possession of public officials, public bodies, or their representatives in connection with the transaction of public business, the expenditure of public funds or the administering of public property.
51 O.S. 24A.3(1) (1988) (emphasis added).
¶ 4 The Board has the power and duty to promulgate rules to carry out and enforce the provisions of the State Dental Act. 59O.S. 328.15 (1988). The Board, by rule, has established a procedure for the receipt and investigation of a complaint about a dentist. Such a complaint is a document received by, or coming into the custody, control or possession of the Board, its members or employees, in connection with the transaction of Board business, and is, therefore, a "record" within the meaning of the Act.
¶ 5 The Board must make such a complaint available for inspection and copying by any person as provided in the Act, unless such a complaint is specifically required by law to be kept confidential, 51 O.S. 24A.5(1) (1988), or falls within an exception to the Act. Currently there is no law specifically requiring that a complaint about a dentist be kept confidential.
¶ 6 We must next determine whether such a complaint falls within any exception to the Act.
¶ 7 The Act contains exceptions providing that a public body may keep confidential certain personnel records; certain law enforcement records; personal notes; bids; computer programs; appraisals; prospective business locations; certain market research; library, archive and museum materials; attorney litigation and investigation files; federal records required to be kept confidential by federal law; certain crop and livestock reports; and certain educational records, as provided in the Act.51 O.S. 24A.7-51 O.S. 24A.16 (1988). A complaint about a dentist does not fall within any of these exceptions to the Act.
¶ 8 The Act also contains a "personal communications" exception which provides:
 Except for the fact that a communication has been received and that it is or is not a complaint, a public official may keep confidential personal communications received by the public official from a person exercising rights secured by the Constitution of the State of Oklahoma or the Constitution of the United States. The public official's written response to this personal communication may be kept confidential only to the extent necessary to protect the identity of the person exercising the right.
51 O.S. 24A.14 (1988).
¶ 9 If a complaint about a dentist is a personal communication from a person exercising rights secured by the state or federal constitutions, then it falls within this "personal communications" exception.
¶ 10 We note that the very language of the "personal communications" exception indicates that some kinds of complaints fall within its ambit. The "personal communications" exception contains the word "complaint": "Except for the fact that a communication has been received and that it is or is not acomplaint, a public official may keep confidential personal communications. . . ."
¶ 11 In determining whether a complaint about a dentist is the kind of communication that falls within the "personal communications" exception, we cannot turn to other jurisdictions for guidance because, though many other states have some form of open records or freedom of information laws (see Braverman, "A Practical Review of State Open Records Laws," 49 Geo. Wash. L. Rev. 720, May, 1981), the "personal communications" exception is unique to Oklahoma. White, "Open Records in Oklahoma: Where Are We Now?," 57 O.B.J. 1831, 1838 (1986).
¶ 12 The plain language of the "personal communications" exception indicates that a personal communication from a "person exercising rights secured by the Constitution of the State of Oklahoma or by the Constitution of the United States" is exempt from the Act's disclosure requirements. If a person who files a complaint about a dentist is exercising a right secured by the state or federal constitution, then such a complaint falls within the "personal communications" exception.
¶ 13 The federal constitution protects the right of a person "to petition the Government for a redress of grievances." U.S. Const. amend. I. The Oklahoma Constitution provides that "the people have the right . . . to apply to those invested with the powers of government for redress of grievances by petition, address, or remonstrance." Okla. Const. Article II, Section 3.
¶ 14 In Bridges v. California, 314 U.S. 252, 62 S.Ct. 190,86 L.Ed. 192 (1941), a labor union official was convicted of contempt of court for permitting to be published in a newspaper a telegram he had sent to the Secretary of Labor in which the labor union official described a judge's ruling as "outrageous" and prophesied a strike by his union. The U.S. Supreme Court overturned the conviction, writing:
 [I]n sending the message to the Secretary, Bridges
[the labor union official] was exercising the right of petition to a duly accredited representative of the United States government, a right protected by the First Amendment.
Bridges, supra, 314 U.S. at 277.
¶ 15 In finding that the labor official was exercising his right to petition the government, the Court noted that the Secretary of Labor was charged with official duties in connection with the prevention of strikes, and, if a strike was threatened or possible, the Secretary was entitled to receive all available information.
¶ 16 The Board is in an analogous position regarding complaints about dentists. The Board has the power and the duty to investigate complaints about dentists, to conduct hearings to determine whether a dentist may have violated laws governing the practice of dentistry, and to discipline any dentist who is found in violation of such laws. 59 O.S. 328.28, 59 O.S. 328.32 and59 O.S. 328.44 (1981). When a person files a complaint with the Board, providing the Board with information about a possible violation of laws governing the practice of dentistry, or asking the Board to take disciplinary action against a dentist, such a person is communicating with the proper governmental entity authorized to deal with such matters.
¶ 17 Therefore, a person who files such a complaint with the Board is exercising his right to apply to those invested with the powers of government for redress of grievances which is protected by the state and federal constitutions.
¶ 18 Since a complaint about a dentist is a communication from a person exercising a right secured by the state and federal constitutions, such a complaint falls within the "personal communications" exception to the Act. Accordingly, except for the fact that a communication has been received and that it is or is not a complaint, the Board may keep a complaint about a dentist confidential. 51 O.S. 24A.14 (1988).
¶ 19 The "personal communications" exception provides that a public official "may" keep such communications confidential. The Legislature's use of the word "may" rather than "shall" indicates that the determination of whether to keep a complaint about a dentist confidential lies within the discretion of the Board member or employee. State ex rel. Cartwright v. Oklahoma NaturalGas, 640 P.2d 1341, 1345 (Okla. 1982).
¶ 20 The Board's written response to such a complaint may be kept confidential only to the extent necessary to protect the identity of the person making the complaint. 51 O.S. 24A.14
(1988).
¶ 21 Keeping a complaint about a dentist confidential would not thwart the purpose of the Act. The Legislature expressed the purpose of the Act as follows:
 As the Oklahoma Constitution recognizes and guarantees, all political power is inherent in the people. Thus, it is the public policy of the State of Oklahoma that the people are vested with the inherent right to know and be fully informed about their government . . . The purpose of this act is to ensure and facilitate the public's right of access to and review of government records so they may efficiently and intelligently exercise their inherent political power. . . .
51 O.S. 24A.2 (1988) (Emphasis added).
¶ 22 The purpose of the Act is to insure that the people have access to government records so they can be informed about their government and can intelligently exercise their political power. Keeping a complaint about a dentist confidential would not impair the people's ability to be informed about their government and to exercise their political power. This is so because the content of a complaint about a dentist contains no information about the government. Instead, such a complaint contains allegations that a dentist has violated laws governing the practice of dentistry, or other laws. Or, the complainant may ask that the Board take action against a dentist. But the content of such a complaint contains no information about the government that would enhance or diminish the people's ability to exercise their political power. Thus, keeping a complaint about a dentist confidential would not thwart the purpose of the Act.
¶ 23 There are other reasons why confidentiality of such complaints is desirable. In upholding the confidentiality of complaints about judges, the Oklahoma Supreme Court, quoting favorably from a U.S. Supreme Court decision, noted that confidentiality of complaints promotes several interests: (1) it encourages the filing of complaints; (2) until the meritorious complaints can be separated from the frivolous, confidentiality protects judges "from the injury which might result from the publication of unexamined and unwarranted complaints;" and (3) confidentiality helps maintain confidence in the judiciary "by avoiding premature announcements of groundless claims . . . since it can be assumed that some frivolous complaints will be made against judicial officers who rarely can satisfy all contending litigants." Council on Judicial Complaints v. Maley,607 P.2d 1180, 1185-86 (Okla. 1980), quoting from LandmarkCommunications, Inc. v. Virginia, 435 U.S. 829, 98 S.Ct. 1535,56 L.Ed.2d 1 (1978).
¶ 24 Similarly, regarding dentists, it can be assumed that some complaints filed with the Board will be frivolous or groundless. Disclosure of such frivolous or groundless allegations before the dentist has been afforded an opportunity to tell his or her side of the story, or even before the Board has had an opportunity to investigate and determine whether the allegations have merit, could deprive the dentist of his own constitutionally-protected right to due process of law and needlessly damage the reputation and business of a possibly blameless individual.
¶ 25 The reasoning and conclusions of this opinion apply equally to complaints received by the Board about dental hygienists and dental assistants.
¶ 26 It is, therefore, the official opinion of the AttorneyGeneral that, except for the fact that a complaint about adentist, dental hygienist or dental assistant has been received,the Board of Governors of Registered Dentists may, in itsdiscretion, keep confidential complaints about dentists, dentalhygienists and dental assistants, as provided in the Open RecordsAct, 51 O.S. 24A.14 (1988). The Board member or employee'swritten response to such a complaint may be kept confidentialonly to the extent necessary to protect the identity of theperson making the complaint.
ROBERT H. HENRY ATTORNEY GENERAL OF OKLAHOMA
JEFF MIXON ASSISTANT ATTORNEY GENERAL